DOMENECH *v*. ROLA ET AL.

APPEAL from the District Court of Aguadilla.

No. 2.—Decided June 18, 1905.

HEIRS—ACCEPTANCE OF INHERITANCE—MERGED PROPERTIES—OBLIGATIONS OF PREDECESSOR IN INTEREST.—Where an inheritance is accepted by the heirs they succeed to all the transferable rights, assets and liabilities of the testator, to the right to represent him in such capacity, the properties of the inheritance becoming merged in those of the heirs themselves, and they are bound to answer with both properties for the fulfillment of the obligations of their predecessor in interest.

ID.—LEGACIES—LEGATEE.—When a legacy consists of a specified and definite thing, the legatee acquires the ownership thereof immediately upon the death of the testator, and it becomes merged in the legatee's own property, both properties being equally required to secure the fulfillment of the obligations contracted by the predecessor in interest, as occurs in the case of heirs who have accepted the inheritance.

NOTICE OF ATTACHMENT—REAL RIGHT.—The entry of a notice of attachment in the registry of property does not grant to the person in whose favor such entry is made any real right to the real property entered, nor does it deprive the owner or legatee of the same the right to enjoy and freely dispose of such real property without any limitation whatsoever.

INSCRIPTION OF PROPERTY BEQUEATHED—CREDITORS OF THE TESTAMENTARY ESTATE—RESCISSION.—Where a record has been entered of property in favor of the legatee, it being made to appear that he acquired the same without

prejudice to the stock which might belong to the creditors of the testamentary estate to convert their credits upon the property of the estate, it will not be understood in the sense that the property recorded was specifically subject to secure the personal obligations of the testator, although it may serve as a ground upon which to base the rescission of a contract of sale made by the legatee with respect to such property.

ID.—OBLIGATION.—In order that an action for rescission based on subdivision 3 of section 1258 of the Civil Code may be successful, it is necessary to show that the creditor cannot recover what is due him except by the rescission of the contract executed, because the debtor is without other property upon which he could recover the amount of the debt.

ID.—CANCELLATION OF ATTACHMENT—FRAUDULENT CONVEYANCE.—Where an attachment entered in the registry is cancelled before the conveyance of the property attached, it cannot produce the effect provided for in section 1264 of the Civil Code for the purpose of considering such conveyance to be a fraudulent one.

The facts are stated in the opinion.

*Mr. Vargner* for appellant.

*Mr. Franco Soto* for respondent.

Mr. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Carmen Hernández de Sus, a resident of Aguadilla, died in said town on October 18, 1899, leaving a closed will executed on June 6th of the same year, which was duly protocoled. In the fifth clause of this will she enumerated among the property belonging to her, a two-story masonry house, situated on Comercio street of said town, which was the same house which she devised by the seventh clause to Juan Maria Domenech y Anazagasti. By the eighth clause she instituted as the only and universal heirs of the residue of her property, after the payment of the legacies, Juan Maria, Juan Nepomuceno, and Manuel Maria Domenech y Anazagasti. By the ninth clause she appointed Vicente Viñas y Martinez executor to carry out the provisions of her will, the legal term of the executorship being extendable for such time as might be necessary. By the tenth clause she prohibited any judicial intervention in the settlement of her estate, under the penalty that any heir seeking it should lose his right and that his share should accrue to the others.

A few days after the death of the testatrix, Dolores Rola prayed the Municipal Court of Aguadilla for a provisional

attachment upon the property of the decedent, to secure the payment of 5,300 *pesos* which she alleged to be due her, and by order of October 28, 1899, said attachment issued and was levied, among other property, on the house on Comercio street, of which Juan Maria Domenech y Anazagasti was the devisee, and was recorded in the Registry of Property of Aguadilla on October 31, 1899, and was canceled on February 26, 1901, by virtue of a judgment of the District Court of Mayagüez on April 11th of the preceding year, rendered in the separate proceedings in opposition to the provisional attachment levied on property of the Estate of Carmen Hernández de Sus, upon the petition of Dolores Rola.

By an order of April 12th of said year, the said District Court of Mayagüez admitted the complaint filed by Dolores Rola against the executor and heirs of Carmen Hernández de Sus, for the recovery of the debt which had led to the provisional attachment, it being held at the same time that the ratification of such attachment was not necessary because it had already been dissolved. The heirs, Juan Maria, Juan Nepamuceno and Manuel Maria Domenech were summoned to make answer to the complaint on the 16th of said month of April.

Before the cancellation in the Registry of Property of Aguadilla of the notice of the attachment on the house on Comercio street aforementioned, and when Juan Maria, Juan Nepomuceno and Manuel Maria Domenech had already been summoned to make answer to the complaint, R: Ulpiano Colón y Ferrer, the general agent of Juan Maria Domenech y Agazagasti, sold to Manuel V. Ferrer, by public deed executed in the city of Ponce on September 26, 1900, the house of which he was the devisee, for the price and amount of $3,500, of which the former acknowledged the receipt; and at the same time, as the agent of Juan Maria Domenech y Anazagasti and Juan Nepamuceno and Manuel Maria Domenech y Anazagasti, the three heirs of Carmen Hernández de Sus, he conveyed and transferred to Javier Mariani y Palmieri all the

rights and interest which his principals might have in the property which constituted the estate of said testatrix, for the price and amount of $2,500, which the vendor, Ulpiano Colón, likewise acknowledged to have received.

The Registrar of Property of Aguadilla refused to admit said deed of September 26, 1900, to record, on account of the incurable defect of said house on Comercio street not being recordable in the name of the vendor Juan Maria Domenech, owing to the fact that the latter had acquired it in the capacity of a devisee of Carmen Hernández de Sus, and the delivery or tradition to be made by the executor or heir did not appear, and that a devisee cannot occupy the thing devised on his own authority and therefore dispose of it, according to a resolution of the Director General of Registries of Spain of February 4, 1880, and articles 885, 1025 and 1027 of the former Civil Code.

In view of the refusal of said registrar to admit the deed to record, Manuel V. Domenech y Ferrer, Javier Mariani y Palmieri, and R. Ulpiano Colón y Ferrer, as the attorney in fact of Juan Maria Domenech y Anazagasti, executed a notarial act on August 28, 1901, in which they stated that since the death of the testatrix, Carmen Hernández de Sus, her heirs had made delivery of the house devised to the devisee and heir, Juan Maria Domenech y Anazagasti, who, availing himself of his powers as the owner of such property, had sold it to Manuel V. Domenech, which Javier Mariani, who was subrogated to all the rights and actions pertaining to the heirs of Carmen Hernández de Sus, acknowledged.

Notwithstanding the notarial act referred to, the Registrar of Property of Aguadilla persisted in his refusal to admit to record the deed of sale of September 26, 1900, both on the ground that the testamentary executor, Vicente Viñas Martinez, did not appear to have taken part in the delivery of the devise, and that it did not appear that the estate had been settled and, consequently, that the debts against it had been paid, which payments took precedence over the legacies, and

that a cautionary notice was not entered owing to an incurable defect being involved.

As the party interested did not accept the refusal of the registrar, the latter forwarded the data with his report to the Supreme Court for the proper decision, the court rendering a decision on December 18, 1901, the conclusions of law and adjudging portion whereof read as follows:

"By the presentation in the Registry of Property of Aguadilla of the notarial act executed on August 28th of last year, by Javier Mariani y Palmieri, as the assignee of the heirs of the decedent, Carmen Hernandez de Sus, the defect which prevented the record of the deed of sale of the house involved in this appeal should have been considered as cured, inasmuch as said document shows that the house in question was delivered by the heirs named in the will of Carmen Hernandez to the devisee, Juan Maria Domenech, the agreement of the executor not being necessary thereto, as required by the registrar in his second decision, in which he ratified what he had stated on this point in the first decision, and according to section 885 of the Civil Code it is not required that the delivery of the devise be made by the heir and executor jointly, but by either of the two.

"With regard to the second ground upon which the registrar bases his refusal, it cannot be sustained either, because the delivery of the house devised to the devisee, Juan Maria Domenech, being established as it has been, since the death of the testatrix, Carmen Hernandez, and as it does not appear that any judicial proceedings as to such estate are pending, there is no reason which prevents the record of said real property in the registry of property in favor of the devisee who acquired his ownership since the death of the testatrix, without prejudice to the rights of action of the creditors of the estate to enforce payment of their credits against the property of the estate, of which they will have to make use in the courts of justice in the proper form.

"With regard to sections 1025 and 1027 of the Civil Code, also cited by the registrar in his decision, it is held that they do not apply to this appeal, both for the reason that in the case in question the devise has already been paid by the heirs by the delivery to the devisee of the house devised, and that the provisions of said sections are applicable only when the heirs have accepted the inheritance under the benefit or inventory, or reserving the right to deliberate over the

acceptance or repudiation thereof, in none of which cases does it appear that the Estate of Carmen Hernandez is included.

"The refusal of the registrar to admit to record the deed in question is not to be considered as based on frivolous grounds.

"In view of the legal provisions cited, the decision of the Registrar of Property of Aguadilla placed at the end of the deed of sale referred to in this appeal, refusing to admit it to record, is reversed, and it is held that it should be recorded in the registry of property in the proper form, without any special taxation of costs."

In compliance with the foregoing decision on February 6, 1902, the ownership of the house on Comercio street was recorded in the Registry of Property of Aguadilla in favor of Juan Maria Domenech y Anazagasti, as acquired under the title of a testate inheritance as a devise, without prejudice to the rights of action of creditors of the Estate to enforce their claims against the property thereof, of which they will have to make use in the courts of justice in the proper form; and also on the same date of ownership of said property acquired from Juan Maria Domenech by purchase was recorded in favor of Manuel V. Domenech y Ferrer, without any condition being stipulated in the contract limiting the powers of the purchaser, the said estate being free from encumbrances.

Matters were in this condition when, by reason of a final judgment rendered in the declaratory action brought by Dolores Rola against the Estate of Carmen Hernández de Sus, by which Juan Maria, Juan Nepomuceno and Manuel Maria Domenech, as the heirs of Carmen Hernández de Sus, were adjudged to pay to the plaintiff the sum of 1,800 provincial *pesos* with legal interest from the date of the filing of the complaint, an attachment was levied on said house on Comercio street, as well as on other estates, for the purpose of enforcing the liabilities of the defendant Estate, a cautionary notice of such attachment being recorded in the Registry of Property of Aguadilla on July 21, 1902, the record stating that Domenech y Ferrer was the owner of said house, without

prejudice, however, to the creditors of the Estate of Carmen Hernández de Sus.

This attachment caused Manuel V. Domenech y Ferrer, under the direction of Attorney H. M. Hutchison, to file a complaint in intervention of ownership in the District Court of Mayagüez, against Dolores Rola and the Estate of Carmen Hernández de Sus, seeking a declaration to the effect that the house attached, described in the complaint, was his property and, consequently, to be excluded from the attachment and sale, the cancellation of the cautionary notice of the attachment, and the costs against those who might oppose his petition. He invoked in support of his petition as facts the deed of sale of the house, executed in his favor by Juan Maria Domenech on September 26, 1900, and the notarial act of August 28, 1901, both documents of record in the registry of property, and as the law applicable to the case, sections 354, 355 and 1348 of the Civil Code, and article 24 of the Mortgage Law, and 1530 and 1533 of the Law of Civil Procedure.

Attorney Fernando Vazquez opposed the complaint on behalf of Dolores Rola and made the following prayers: (1) That the instrument executed by Juan Maria Domenech in favor of Manuel V. Domenech on September 26, 1900, be annulled. (2) That if such instrument is not held to be null, that the contract of sale be rescinded, and that in either case the record of ownership, made in the registry in the name of the purchaser be canceled. (3) That as a consequence of such annulment or recission the complaint in intervention be dismissed. (4) That even though the annulment or rescission prayed for may not be declared, that the complaint in intervention be dismissed, and the compulsory proceedings be ordered continued against the house, the subject of the complaint in intervention, and that the record made in the name of the plaintiff in intervention be canceled. (5) That the costs be taxed against Manuel V. Domenech.

Dolores Rola alleges in support of her claims that Carmen

Hernández de Sus, in her will, instituted as her only and universal heirs, of all her property, rights and interests, Juan Maria, Juan Nepomuceno and Manuel Maria Domenech; that to Juan Maria was devised, in addition, the house, the subject-matter of the intervention; that among other debts the testatrix left one in favor of the defendant for the sum of 900 *pesos,* and another for a like sum in favor of Adela Domenech, consisting of two notes, Adela endorsing hers to Dolores Rola for value received; Dolores, on October 28, 1899, applied for a provisional attachment upon the property of the Estate of Carmen Hernández for the value of these two notes, and another note for 3,500 *pesos,* the attachment being levied on three houses, among which was that the subject of this litigation; a record of this attachment was made in the Registry of Property of Aguadilla, but it was later cancelled owing to the opposition of the testamentary executor. A declaratory action having been brought to recover on the three documents mentioned, Juan Maria, Juan Nepomuceno and Manuel Maria Domenech were summoned on April 16, 1900, to answer the complaint. After the issuance of a writ of attachment upon the property of the Estate of Carmen Hernandez, and after Juan Maria Domenech had been summoned, the latter sold to his son, Manuel V. Domenech, by public deed, the house which had been devised to him by Carmen Hernández. This deed was recorded in the Registry of Property of Aguadilla by virtue of a decision of this Supreme Court, without prejudice to the right of the creditors of Carmen Hernández. On December 7, 1900, judgment was rendered in the declaratory action referred to for 1,800 provincial *pesos;* which judgment became final and the execution of which led to the attachment of the house involved herein together with two other houses, the attachment being recorded in the registry of-property. Dolores Rola cited as the law supporting her claims sections 664a, 664b, 665, 667, 668, 992, 993, 1258 subdivision 3, 1264 and 1267 of the Revised Civil Code, with the

concordant articles of the former Code and article 71 of the Mortgage Law.

The District Court of Aguadilla, which took the place of the Mayagüez court in the cognizance of the proceedings, rendered a judgment which reads as follows:

"This cause was heard and determined by the court, and the facts and conclusions of law were incorporated in the written judgment thereon, duly delivered by the court, and was attached to the record of the cause, which judgment was rendered in favor of Manuel V. Domenech, plaintiff, against all the defendants, with the costs against those defendants who made answer contesting the rights of the plaintiff in the matters which have been the subject of controversy in these proceedings. It is therefore hereby ordered, adjudged and decreed that the judgment is in favor of the plaintiff, as prayed in the supplementary prayer of his complaint, and against each and every one of the defendants, that all the adverse claims of each and every one of the said defendants and all persons who have or may claim the house which is the subject of this collateral action of intervention of ownership, through such defendants or any one of them, be hereby adjudged, decided and decreed to have no value or basis; and that, consequently, the plaintiff shall be and he is hereby declared and adjudged to be the real and legal owner of the house described in the first allegation of fact contained in the complaint, and which will be hereinafter described, and that a writ of execution issue to the marshal directing him to enforce this judgment and deliver possession of the real property to Manuel V. Domenech, the latter advancing the costs, any attachment or cautionary notice recorded in the registry of property against said estate in the proceedings prosecuted by Dolores Rola against the Estate of Carmen Hernandez de Sus being cancelled. Said property is bounded and described as follows: House number 5, situated on Comercio street in the town of Aguadilla, of masonry and two floors, with a flat roof, divided into three sections, the first having a frontage of 20 meters and 88 centimeters, and a depth of 12 meters and 52 centimeters; the second section has a depth of 27 meters and 6 centimeters, and a width of 6 meters and 27 centimeters; and the third section is 10 meters and 2 centimeters deep, by 6 meters and 8 centimeters wide, and fronts on Comercio street, being bounded on the right side entering by the spring or Rio Chico and the Estate of Gerardo Rabassa, in the rear by said spring or Rio

Chico, and on the left by the Estate of Amell.—Arturo Aponte, judge of the court.''

From this judgment counsel for Dolores Rola took an appeal, and the proper copy of the record having been submitted to this court, counsel for Dolores Rola and Manuel V. Domenech made their respective arguments, the former praying for a judgment in accordance with the terms of the complaint and the latter praying for the dismissal of the appeal on account of the record not containing all of the evidence submitted by the parties; and if such prayer should not be granted, that the judgment appealed from be affirmed in all its parts.

The record contains all the elements necessary for the decision of the appeal as shown by the facts which we have stated and taken from the record, and for this reason the appeal cannot be dismissed on the ground of a deficiency in the copy of the record presented to this Supreme Court. We will therefore enter upon an examination of the questions submitted to judicial discussion.

Juan Maria, Juan Nepomuceno and Manuel Maria Domenech y Anazagasti, having been constituted and appointed as the heirs of Carmen Hernández de Sus, by her will of June 6, 1899, and the inheritance having been accepted by them, as shown by the public instrument of September 26, 1900, by which all three conveyed and transferred to Javier Mariani y Palmieri all the rights and interests which they might have in said estate, said Juan Maria, Juan Nepomuceno and Manuel Maria Domenech y Anazagasti, under a universal title, succeeded to all the assets and liabilities of the testatrix and became her representatives in a universal character, the property composing the Estate becoming merged in the heirs with their own property, according to the provisions of sections 664a, 664b, 667, 668, and 669 of the Revised Civil Code, concordant with articles 659 and 661 of the former Civil Code. And with regard to the devise of the house on

Comercio street in Aguadilla, which Carmen Hernández left to Juan Maria Domenech y Anazagasti, one of said heirs, on account of it being a specific and determinate thing, the devisee acquired the ownership thereof at the moment of the death of the testatrix, and said house also became merged with his own property, Juan Maria Domenech thereby becoming equally liable for the obligations contracted by the testatrix, in the same manner that the three heirs became liable, upon accepting the Estate of Carmen Hernández for such obligations with the property of the estate and their own.

But as Dolores Rola had not acquired any property right in the said house either during the life of Carmen Hernández or after her death, Juan Maria Domenech had the right to enjoy and dispose thereof without any limitation whatsoever, as there was no law preventing him from so doing, according to the definition of ownership in article 348 of the former Civil Code, which is section 354 of the revised Code. This right was freely exercised by Juan Maria Domenech when he sold the house in question by public deed of September 26, 1900, to the plaintiff in intervention, Manuel V. Domenech, and such sale was duly recorded in the Registry of Property of Aguadilla by virtue of the decision of this Supreme Court of December 18, 1901, the legal grounds of which have not been affected in the slightest manner by the allegations of counsel for Dolores Rola.

At the time the record of the ownership of the house was made in favor of Manuel V. Domenech, said house was not subject to any property charge whatsoever, not even by the notice of the attachment which had been previously levied thereon, as said notice had been cancelled; and although the registrar of property set forth in the previous record of ownership in favor of Juan Maria Domenech that the latter had acquired the house under title of a testate inheritance as a devise, without prejudice to the rights of action which creditors of the Estate might have to enforce their claims

against the property thereof, and of which they would have to avail themselves in the courts of justice in the proper manner, this statement neither affirms nor supposes that the house in question was especially subject to security for the personal obligations of the testatrix, Carmen Herández, although it left open a remedy in the form of an action for the rescission of the contract of sale in view of which the record was made.

But neither does the rescission of this contract lie as requested by Dolores Rola, who cites sections 1258, subdivision 3, and 1264 of the Revised Civil Code, because it has not been proved that Dolores Rola cannot collect what is due her except by the sale of the house in question, on account of the heirs not having any other property; and although a writ was issued for the attachment of said house and said attachment was recorded in the Registry of Property of Aguadilla before the sale thereof, such attachment was dissolved and cannot produce the effects which the law prescribes in such cases.

For the reasons stated, neither the annulment nor the rescission can be declared of the contract of sale of the house in question, executed by Juan Maria Domenech in favor of Manuel V. Domenech, on September 26, 1900, nor can the other prayers of Dolores Rola made in her complaint be granted, and the judgment of the District Court of Aguadilla of December 10th of last year should be affirmed, with the costs against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.